IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EDWARD CARTER                                                                                   PLAINTIFF

V.                              CASE NO. 5:15-CV-324-JM-BD

AMANDA KING                                                                                    DEFENDANT

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Background:**

Plaintiff Edward Carter filed this case without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. Carter claims that on January 27, 2015, while he was incarcerated at the Varner Unit, Defendant Amanda King was deliberately indifferent

to his medical need for a "No Stairs" script.[1]  *Id*.  He alleges that she improperly revoked the script and, as a result, his medical needs were ignored.  *Id*.

Defendant King has filed a motion for summary judgment.  (#30)  Mr. Carter has responded (#36, #37, #38), and the motion is now ripe for review.

### III. Discussion:

A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any fact that is important to the outcome of the lawsuit. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  Ms. King, as the moving party, bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp.,* 477 U.S. 317 at 323.  If she meets that burden, Mr. Carter must respond by coming forward with specific facts establishing a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

---

[1] All other Defendants have been dismissed. On November 4, 2015, Correctional Care Services and the Doe Defendants were dismissed.  (#12)  Subsequently, on December 9, 2015, the Court dismissed Jeremy Andrews.  (#12, #21)

B.  Factual Background

In his complaint, Mr. Carter alleges that he had documented back and knee ailments at the time he was incarcerated in the Varner Unit. (#2) He states that a 2011 back x-ray showed multiple areas of damage and that he was provided a "no stairs" script, although he does not indicate when that occurred. *Id*.

On October 2, 2014, Mr. Carter was examined by Dr. Iko, who advised him to strengthen his quadriceps by going up and down stairs. (#32-1) Dr. Iko wrote that it was unclear why Mr. Carter was given a no-stairs script. *Id*. On October 22, 2014, however, Nurse Clowers renewed Mr. Carter's no-stairs script, extending it to November 22, 2015. (#32-1)

In her affidavit in support of her motion (#32-3), Defendant King states that on January 27, 2015, Mr. Carter was moved to a barracks with stairs. On that same day, she says she terminated his no-stairs script after Nurse Clowers issued a verbal order to do so. (#32-3, pp. 1-2)

While there is some dispute about the documentation of Nurse Clowers's review of Mr. Carter's medical chart, there is no dispute that the decision to terminate the no-stairs script was consistent with Dr. Iko's medical opinion that there was no apparent medical reason for the script.

On January 28, 2015, Mr. Carter filed a grievance stating that Nurse Clowers had terminated his no-stairs script without evaluating him. *Id*. The medical department found

that grievance without merit. *Id.* When Mr. Carter appealed the denial, the director concluded that the grievance had merit because there was no documentation stating why Defendant King had discontinued the script and no note that a verbal order had been given by Nurse Clowers.[2] *Id.*

On March 27, 2015, APRN Bland saw Mr. Carter and found that a no-stairs script was not medically indicated. (#32)

Mr. Carter alleges that he fell down the stairs multiple times after the script was terminated, re-injuring his back. (#2) Two inmates, Charlie Brown and David Grant, signed affidavits stating that Mr. Carter had fallen when climbing stairs, although they do not specify when the falls occurred. (#36)

An April, 2015 x-ray showed mild foraminal narrowing and possible acute fracture, and a June 2015 MRI revealed desiccation of the disc, partial disc height loss, shallow disc displacement, and central protrusion. (#2) Dr. Steive examined Mr. Carter on May 27, 2015 and July 13, 2015. (#32) At the second visit, Dr. Steive issued a script limiting Mr. Carter to four stairs. *Id.*

In his response, Mr. Carter notes that, after his no-stairs script was discontinued, he fell down a flight of stairs and injured his lower back. (#37) After the fall, he states, Dr. Steive ordered a four-stair limit. *Id.* Subsequently, he was transferred back to a

---

[2] Defendant King states she documented the verbal order, but the documentation "was not generated" until Mr. Carter's next infirmary visit on January 27, 2015. (#32-3)

barracks with no stairs. *Id.* He also notes that, in the Assistant Director's response, he found that the grievance had merit because the "no stair restriction was discontinued by [Defendant] King [without] documentation as to why [Defendant] King discontinued the restriction nor is there a verbal order documented for her to discontinue the restriction." (#2, p. 10)

    C.    Deliberate Indifference

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This indifference extends to "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*.

A state official can be held liable for an eighth amendment violation only if he "knows of and disregards a serious medical need or a substantial risk to an inmate's health or safety." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). To state a claim for deliberate indifference, Mr. Carter must allege not only "that he suffered from an objectively serious medical need," but also "that [Defendants] actually knew of but deliberately disregarded his serious medical need." *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014). A medical condition is "objectively serious" if the prisoner was

diagnosed by a doctor or the need for care is so obvious that a lay person would recognize the medical need. *Id*.

D.   Discussion

There is no question that Mr. Carter has back problems, and Defendant King has not disputed Mr. Carter's description of his x-ray and MRI reports after his fall. But the question in this lawsuit is not whether Mr. Carter had back problems requiring a no-stairs script; nor is the question whether Dr. Iko was wrong in her assessment that Mr. Carter did not need the script and, in fact, *should* be climbing stairs. The question is whether Defendant King was deliberately indifferent to Mr. Carter's alleged need for a no-stairs script.

There is evidence that Defendant King terminated the script based on a verbal order from Nurse Clowers after Nurse Clowers reviewed Mr. Carter's medical record. (#32-1, p. 4) There is also evidence showing that there was no medical reason for issuance of the script. (#32-1, pp. 1, 5, 6-7; #32-2, pp. 1-3; ) Defendant King states that she did not make the decision regarding Mr. Carter's script. (#32-3) Mr. Carter disputes this evidence. But even if Defendant King made an uninformed decision to terminate Mr. Carter's script, her actions would amount to little more than negligence. In fact, that is what Mr. Carter asserts – that Defendant King's conduct amounted to medical negligence. (#37, p. 2) Unfortunately for Mr. Carter, negligence, and even gross negligence, does not

amount to deliberate indifference.  *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006). Accordingly, Mr. Carter's medical deliberate indifference claim fails.

## IV.   Conclusion:

The Court recommends that Judge Moody GRANT Defendant King's motion for summary judgment (#30) and DISMISS this case with prejudice.

DATED this 16th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE